FILED

2016 MAY -6  PM 2: 36

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GRACE OSTMAN,

Plaintiff,

v.

WYNDHAM VACATION RESORTS,
INC.,

Defendant.

_____/

CASE NO.:    6:16-cv-780-Orl-41KRS

**DEMAND FOR TRIAL BY JURY**

## COMPLAINT

COMES NOW, Plaintiff, Grace Ostman, by and through the undersigned counsel,

sues Defendant, Wyndham Vacation Resorts, Inc., and in support thereof respectfully

alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*

("TCPA").

## INTRODUCTION

1.      The TCPA was enacted to prevent companies like Wyndham Vacation

Resorts, Inc. from invading American citizen's privacy and to prevent abusive "robo-

calls."

2.      "The TCPA is designed to protect individual consumers from receiving

intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740

(2012).

3.      "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256

scourge of modern civilization, they wake us up in the morning; they interrupt our dinner

at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4.      According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

6.      Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

7.     Venue is proper in this District as the violations described in this Complaint occurred in this District and Defendant transacts business within this District.

## FACTUAL ALLEGATIONS

8.     Plaintiff is a natural person, and citizen of the State of Tennessee, residing in Davidson County, Tennessee.

9.     Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10.    Defendant is a corporate entity responsible for attempting to collect a consumer debt from Plaintiff and is transacting business in the State of Florida.

11.    Defendant, Wyndham Vacation Resorts, Inc. is a corporation which was formed in Delaware with its principal place of business located at 6277 Sea Harbor Drive., Orlando, FL 32821 and which also conducts business in the State of Florida through its registered agent, Corporate Creations Network Inc., located at 11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL 33410

12.    Plaintiff is the subscriber, regular user and carrier of the cellular telephone number at issue, (973) ***-4757 (hereinafter "cellular telephone") and was the called party and recipient of Defendant's calls.

13.    Defendant intentionally, knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone, from approximately August of 2012 through the present, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of an alleged debt.

14. Upon information and belief, some or all of the calls Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" (hereinafter "Autodialer") which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls").

15. Furthermore, each of the calls at issue were placed by Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

16. Beginning on or about August of 2012, Defendant began bombarding Plaintiff's cellular telephone (973) ***-4757 in an attempt to collect on an alleged debt.

17. Upon receipt of the calls, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following phone numbers: (702) 562-8350, (702) 520-2413, (702) 227-3231, (702) 705-5287, (702) 359-5501.

18. Upon receipt of a call from Defendant on or about August of 2012, Plaintiff answered the call, received Defendant's prerecorded message, held on the line to be connected to a live agent/representative and informed the agent/representative of Defendant not to call her on her cellular telephone, their incessant calls were harassing her, and, demanded Defendant cease all calls to her aforementioned cellular telephone number, therefore, revoking any previously perceived express consent to be called using Defendant's Autodialer, predictive dialer, prerecorded message or artificial voice.

19. During the aforementioned phone conversation with Defendant's agent/representative, Plaintiff expressly revoked any expressed consent Defendant may

have had for placement of telephone calls to Plaintiff's aforementioned cellular telephone by the use of an Autodialer or pre-recorded or artificial voice.

20.     Each subsequent call Defendant made to Plaintiff's aforementioned cellular telephone was done so after she revoked consent and without the "express consent" of Plaintiff.

21.     Each subsequent call Defendant made to Plaintiff's aforementioned cellular telephone was knowing and willfully placed to her cellular telephone without expressed consent.

22.     Despite Plaintiff informing Defendant to stop calling on multiple occasions, Defendant's calls to Plaintiff's cellular telephone continued.

23.     Defendant has called Plaintiff on her cellular telephone in excess of five hundred (500) times since August of 2012 in an attempt to collect an alleged debt.

24.     Due to the volume of calls received, Plaintiff was unable to maintain a fully contemporaneous call log of each and every call Plaintiff received from Defendant; however, the following is a sampling of the calls Plaintiff received:

      i.   One call on August 2, 2012 at 2:33 p.m.;

      ii.  One call on August 3, 2012 at 8:08 a.m.;

      iii. One call on August 7, 2012 at 1:46 p.m.;

      iv.  Seven calls on August 30, 2012 at 9:04 a.m., 10:17 a.m., 10:52 a.m., 12:19 p.m., 4:58 p.m. 5:57 p.m. and 7:26 p.m.;

      v.   Three calls on August 31, 2012 at 8:12 a.m., 9:01 a.m., and 10:26 a.m.;

vi.   One call on September 7, 2012 at 9:11 a.m.;

vii.  One call on September 9, 2012 at 8:18 a.m.;

viii. One call on September 10, 2012 at 12:16 p.m.;

ix.   One call on September 11, 2012 at 10:47 a.m.;

x.    Three calls on September 25, 2012 at 11:07 a.m., 12:06 p.m., and

    3:3:37 p.m.;

xi.   One call on September 26, 2012 at 4:16 p.m.;

xii.  Two calls on September 28, 2012 at 8:07 a.m. and 10:40 a.m.;

xiii. One call on October 8, 2012 at 12:05 p.m.;

xiv.  One call October 23, 2012 at 11:46 a.m.;

xv.   One call on October 31, 2012 at 6:25 p.m.;

xvi.  One call on November 1, 2012 at 7:40 p.m.;

xvii. One call on November 4, 2012 at 5:03 p.m.;

xviii. One call on November 7, 2012 at 6:58 p.m.;

xix.  One call on November 20, 2012 at 11:17 a.m.;

xx.   One call on December 30, 2012 at 2:50 p.m.;

xxi.  One call on January 19, 2013 at 12:41 p.m.;

xxii. One call on March 23, 2013 at 3:04 p.m.;

xxiii. One call on March 30, 2013 at 11:41 a.m.;

xxiv. One call on April 21, 2013 at 2:00 p.m.;

xxv.  One call on May 11, 2013 at 12:58 p.m.;

xxvi. One call on May 31, 2013 at 9:10 a.m.;

xxvii.   One call on June 3, 2013 at 12:06 p.m.; and

xxviii.   One call on June 29, 2013 at 1:23 p.m.

25.    The calls from Defendant continue, on average, once a day from August of 2012 through the present.

26.    Defendant has, or should be in possession and/or control of, call logs, account notes, autodialed reports and/or other records that detail the exact number of all calls made to Plaintiff.

27.    Despite actual knowledge of their wrongdoing, Defendant continued its campaign of abuse, calling Plaintiff despite not having Plaintiff's express permission to call her cellular telephone number.

28.    Defendant has a corporate policy to use an Autodialer or a pre-recorded or artificial voice, and to make autodialed calls just as it did to Plaintiff's cellular telephone in this case, with no way for the called party and recipient of the calls, or Defendant, to permit the removal of Plaintiff's cellular number.

29.    Defendant's corporate policy and procedures are structured as to continue to call individuals like Plaintiff, despite these individuals revoking any consent Defendant may have had to make such calls.

30.    Defendant's corporate policy and procedures provided no means for Plaintiff to have her cellular number removed from the call list, or otherwise permit the cessation of and/or suppression of calls to Plaintiff from Defendant.

31.    Defendant has a corporate policy of using an Autodialer or a prerecorded or artificial voice message to collect debts from individuals such as Plaintiff for its financial benefit.

32.    Defendant has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

33.    Defendant has numerous complaints across the country against it asserting that its Autodialer continues to call people who have revoked consent to be called.

34.    Defendant knowingly employs methods and/or has a corporate policy designed to harass and abuse individuals.

35.    Defendant knowingly employs methods that do not permit the cessation of or suppression of autodialed calls to Plaintiff's cellular telephone.

36.    None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

37.    As a result of these collection efforts, Plaintiff suffered stress, anxiety, worry, embarrassment, humiliation, aggravated existing illness, in addition to a loss of happiness resulting from the attempted collection of amounts far in excess of any amount rightfully owed by Plaintiff.

## COUNT I
### (Violation of the TCPA)

38.    Plaintiff fully incorporates and realleges paragraphs one (1) through thirty-seven (37) as if fully set forth herein.

39.    Defendant willfully violated the TCPA with respect to Plaintiff, especially for each of the autodialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant she wished for the calls to stop.

40.    Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

Jared Lee, Esquire
Morgan & Morgan, Tampa, P.A.
20 N. Orange Ave., Suite 1600
Orlando, FL 32801
Tele: (407) 420-1414
Fax: (407) 245-3485
JLee@ForThePeople.com
KVanBuskirk@ForThePeople.com
Florida Bar #: 0052284
Attorney for Plaintiff